**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**TROY LINVIL GOODMAN,**

      **Plaintiff,**

**v.**                                **Case No. 2:17-cv-02266**

**SANDRA MAY, Employee of Wexford Health Sources, Inc.,
DAVID BALLARD, Warden, and
JIM RUBENSTEIN, Commissioner,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is defendant Sandra May's Motion to Dismiss (ECF No. 26) and the plaintiff's Motion for Injunctive Relief (ECF No. 35).

## RELEVANT PROCEDURAL HISTORY

The plaintiff's Complaint (ECF No. 2) alleges that the defendants have been deliberately indifferent to his serious medical needs concerning treatment for Hepatitis C ("HCV").  Specifically, the plaintiff alleges that Sandra May ("May"), a Physician's Assistant employed by Wexford Health Sources, Inc., the contracted medical provider at the Mount Olive Correctional Complex ("MOCC"), has denied the plaintiff's requests to be seen by a licensed doctor and to be provided adequate care for his condition, including being treated with "Harvoni," a direct anti-viral drug ("DAA"), which has proven to be

highly effective in treating HCV.  The Complaint further alleges that defendants David Ballard, the former Warden of MOCC, and Jim Rubenstein, the former Commissioner of the West Virginia Division of Corrections, should also be held liable because they are responsible for welfare of the inmates and the operations of the prison and, thus, the denial of the medication and treatment the plaintiff seeks.

Defendants Ballard and Rubenstein have not been served with process and have not made an appearance herein.  On February 20, 2018, defendant May filed a Motion to Dismiss (ECF No. 26) and a Memorandum of Law in support thereof (ECF No. 27).  On March 2, 2018, the plaintiff filed a Response to the Motion to Dismiss (ECF No. 32).  Defendant May filed a Reply (ECF No. 33) on March 8, 2018.  On July 10, 2018, the plaintiff filed a Motion for Injunctive Relief (ECF No. 35).

## STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A.    The plaintiff's claims are barred by res judicata.

Defendant May's Motion to Dismiss asserts that the plaintiff's Complaint is barred by the doctrine of res judicata because the plaintiff's claims were previously addressed and denied in a proceeding in the Circuit Court of Fayette County, West Virginia, and that decision was upheld on appeal by the Supreme Court of Appeals of West Virginia (the "SCAWV"). Defendant May attached both the Circuit Court's decision and the SCAWV's opinion as exhibits to her motion.

The Fayette County proceeding was brought against the same defendants named in the present action: Sandra May, David Ballard, and Jim Rubenstein. Although treated as a petition for a writ of mandamus, the Circuit Court addressed the same claims the plaintiff is making herein; specifically, whether the defendants were deliberately indifferent to a serious medical need in violation of the plaintiff's right to be free from

3

cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  The Circuit Court made the following findings of fact:

> The Petitioner has been receiving treatment for his HCV condition, through the facilities chronic care clinic since 2011.  The Petitioner was seen by a physician regarding his condition on January 7, 2015, and several other times, in the past, during chronic care treatment.  The Petitioner was seen and treated in chronic care clinic again as recently as October 5, 2015.  The Petitioner's current HCV treatment is ongoing with the next chronic care visit scheduled for April 2016.  Through the course of this treatment, the Petitioner has regularly received various diagnostic tests to determine his overall health and the status of his liver function.  The institutional health officials have determined that the Petitioner's HCV condition is currently stable and an outsider referral is not medically necessary at the present time.  Petitioner's condition is borne out of this latter assessment, as the Petitioner wholly disagrees with the MOCC's health officials' course of treatment.
>
> This Court FINDS that the Petitioner has been receiving medical treatment and reasonable access to health care professionals regarding his HCV condition during the period of his incarceration at MOCC.  This Court also FINDS that the medical care and treatment provided to the Petitioner for his HCV condition by the MOCC health officials was not incompetent or inadequate.

(ECF No. 26, Ex. 1 at 10).  The Circuit Court further found:

> As such. this Court FINDS and CONCLUDES that, based upon the treatment and care provided to the Petitioner for his HCV condition, MOCC prison officials have not shown a deliberate indifference to the Petitioner's serious medical needs, and hence, have not subjected the Petitioner to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article III, § 5 of the West Virginia Constitution.

(*Id.* at 12).  The SCAWV upheld the decision of the Circuit Court on appeal, also finding that the defendants had not been deliberately indifferent to the plaintiff's serious medical needs.  *T.G. v. Ballard*, No. 16-0203, 2016 WL 6651594 (W. Va. Nov. 10, 2016).

The plaintiff's Complaint makes it clear that he is alleging a claim of deliberate indifference to a serious medical need based upon the same facts as those addressed in the state court proceedings, which were brought against the same defendants.  Thus,

defendant May's motion asserts that the instant Complaint is barred by the doctrine of *res judicata*, which bars a second suit involving the same parties, or their privies, based upon the same cause of action, when there had been a judgment on the merits in a prior proceeding.  (ECF No. 27 at 6).

The doctrine of *res judicata* serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  "The application of *res judicata* turns on the existence of three factors:  '(1) a final judgment on the merits in a prior suit: (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits.'"  *Clodfelter v. Rep. of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)).

Defendant May's motion documents assert that "[t]he causes of action in the State Court action and the current lawsuit are exactly the same."  (ECF No. 27 at 8).  The memorandum further states:

> Both cases involve Plaintiff's claim that Sandra May, among the other Defendants, was deliberately indifferent to Plaintiff's serious medical needs for her failure to refer him to a licensed physician and failure to provide him with specific medication for his Hepatitis C.  In fact, the grievances attached to the current Complaint involve the same grievances and alleged conduct addressed in the State Court lawsuit.  Both cases involve the exact same set of facts and the exact claims.  Further, both cases request the same relief in that Defendants be ordered to refer Plaintiff to a licensed physician and that he be prescribed the medication he desires to treat his Hepatitis C.  It is clear from a review of Plaintiff's Complaint in this action, as well as the findings set forth by the Circuit Court of Fayette County, West Virginia, that the causes of action are identical and were resolved in the prior State Court action.

(*Id.* at 8-9).

5

The plaintiff's Response appears to assert that, although this is not the first lawsuit concerning his claim, it is the first section 1983 lawsuit concerning his claim, and that, while his claim may be barred in state court, it should not be barred in federal court, which is "the last venue."  (ECF No. 32 at 10, 13).  His Response further states:

> Plaintiff has not litigated this cause of action in the District Court, nor has he litigated this lawsuit in any other Federal Court, so how is he relitigating a lawsuit he hasn't filed with this honorable Court until now?  Plaintiff had an understanding that a state court's opinion can be appealed to the Federal District Court for their opinion, since they have say so over U.S. Constitutional issues and rights.

(*Id.* at 14).  The plaintiff is misguided.

The only avenue of appellate review the plaintiff would have had from the SCAWV to a federal court would have been to apply for a writ of certiorari in the United States Supreme Court.  The appeal of a state court decision to a federal district court is barred under the *Rooker-Feldman* doctrine.  *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *see also Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)) ("federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'"); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")

Moreover, while the plaintiff is correct that this federal court does have original jurisdiction over federal constitutional claims, such claims may also be litigated in the state courts and, as aptly noted by defendant May, once a judgment on the merits has been rendered by the state court, the same cause of action may not be relitigated in federal court.

"There is no simple test to determine what constitutes the same cause of action for res judicata purposes." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). Primarily, courts take a broad, transactional approach, looking to whether the claims arise from the same factual basis. *Id.*; *see also Pueschel*, 369 F.3d at 355; *Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991) (describing transactional approach). Here, there is no question that the plaintiff's claim of deliberate indifference to a serious medical need arises out of the same facts as those litigated in his state court proceedings, which involved all of the same parties.

Moreover, as noted in May's Memorandum of Law, "there is no doubt that the State Court action was decided on the merits." (ECF No. 27 at 7). May's memorandum further states:

> In the State Court case, Plaintiff claimed that Defendants were violating his Eighth Amendment rights under the *United States Constitution* for failing to refer him to a licensed physician and for not providing him with the medication he requested. The Circuit Court of Fayette County, West Virginia, found and concluded as a matter of law that Plaintiff could not prevail on his deliberate indifference claim because the evidence supported that Defendants provided Plaintiff with reasonable medical care and did not support that Defendants acted with deliberate indifference to his serious medical needs. (Exhibit 1, p. 12). The [SCAWV] then affirmed this decision and specifically agreed with the Circuit Court that Defendants were not deliberately indifferent to Plaintiff's serious medical needs. *T.G. v. Ballard*, [No. 16-0203, 2016 WL 6651594], 2016 W. Va. LEXIS 829, at *5-6 (W. Va. 2016). Plaintiff had no other options at that point other than to appeal [the SCAWV's] Memorandum Decision to the United States Supreme Court, which he did not do. Thus, the only thing left for the Court to do was to

execute the judgment in favor of Defendants.

(*Id.* at 7-8).  May's Reply reiterates that the instant civil action meets all of the criteria for application of *res judicata*, and further notes that the plaintiff's Response admits that his claims are the same as those in the state court proceedings when he argued that the statute of limitations was tolled while his claims were pending in the state courts.  (ECF No. 33 at 5).

*Res judicata* has been applied in the context of deliberate indifference claims concerning treatment for Hepatitis C where the plaintiff had a full and fair opportunity to litigate such claims and then attempted to raise the same cause of action against the same parties in another proceeding.  *See, e.g., Jimenez v. Whitfield*, No. 2:10-cv-02943, (2017 WL 1067791 (E.D. Cal., Jan. 13, 2017); *Grindling v. Martone*, No. 12-cv-000361, 2012 WL 3776491 (S. Haw., Aug. 29, 2012); *but see Murray v. Wetzel*, No. 3:17-cv-00491, 2018 WL 1334987 (M.D. Pa. Mar. 15, 2018) (Eighth Amendment claim concerning Hepatitis C treatment not barred by *res judicata* where claim not previously brought against defendant); *Ibrahim v. District of Columbia*, 463 F.3d 3 (D.C. Cir. 2006) (*res judicata* did not preclude deliberate indifference claim concerning different medical conditions). Because the plaintiff's Eighth Amendment deliberate indifference claims are grounded in identical facts to the claims which were adjudicated on the merits by the state courts against the same parties, *res judicata* should be applied herein.[1]

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Eighth Amendment claims of deliberate indifference to a serious medical need pled in the instant Complaint against Sandra May, as well as those against

---

[1] Because the plaintiff's claims are barred by *res judicata*, the undersigned finds it unnecessary to address defendant May's arguments concerning the statute of limitations and the sufficiency of the plaintiff's claims.

David Ballard and Jim Rubenstein, are barred by the doctrine of *res judicata*, and must be dismissed.

### B. The plaintiff's Motion for Injunctive Relief should be denied.

On July 10, 2018, the plaintiff filed a "Motion," which was docketed as a Motion for Injunctive Relief (ECF No. 35). In this motion, which is not directly related to his deliberate indifference claims raised in his Complaint, the plaintiff contends that he has been punished for filing his section 1983 lawsuit by being transferred to another unit of MOCC where he has reduced outdoor recreation time. In addition to the undersigned's proposed finding that this civil action is barred by *res judicata*, there are several deficiencies with the plaintiff's Motion for Injunctive Relief that warrant the denial thereof.

The undersigned treats the plaintiff's motion as one for preliminary injunctive relief. In order to obtain such relief, the plaintiff must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama v. Federal Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010) (hereinafter "*Real Truth*"). "All four requirements must be satisfied." *Real Truth*, 575 F.3d at 345-46. Concerning the first prong, "the party seeking the preliminary injunction must demonstrate by a 'clear showing' that, among other things, it is likely to succeed on the merits at trial." *Id.* at 345.

With respect to the plaintiff's instant motion, there is no constitutional right to be housed in any particular prison facility or unit. *See Meachum v. Fano*, 427 U.S. 215, 223-

24 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *see also Wetzel v. Edwards,* 635 F.2d 283 (4th Cir. 1980) (Reversing district court's grant of a preliminary injunction ordering the transfer of an inmate because the informed discretion of prison administrators have long been accorded "wide-ranging deference by the federal courts."). Nor has the plaintiff demonstrated that his transfer has resulted in "an atypical and significant hardship in relation to ordinary incidents of prison life" in order to establish a liberty interest sufficient to support a due process claim. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996).

Moreover, the plaintiff has not alleged, nor could he, that any of the defendants named in the instant civil action were responsible for his transfer to another prison unit.[2] In fact, the plaintiff's motion is devoid of any facts concerning the responsible "prison officials" who were allegedly involved in his transfer, or how such decision was "retaliatory" and causally connected to the filing of the instant lawsuit. "In the prison context, we treat [claims of retaliation] with skepticism because every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran*, *supra*, 73 F.3d at 1317; *see also Canter v. O'Malley*, No. RWT 11CV918, 2012 WL 254014, at *12 (D. Md. Jan. 25, 2012). Thus, the motion fails to allege a plausible retaliation claim.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff cannot make a clear showing that he will succeed on the merits of his claim. Thus, he cannot establish all four criteria for a preliminary injunction and his Motion for Injunctive Relief should be denied.

---

[2] Defendants Ballard and Rubenstein are no longer employed by the West Virginia Division of Corrections or Mount Olive Correctional Complex. Defendant May is an employee of Wexford Health Sources, Inc. and is not responsible for inmate movement.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by Sandra May (ECF No. 26), **DENY** the plaintiff's Motion for Injunctive Relief (ECF No. 35), and **DISMISS** this civil action with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 24, 2018

Dwane L. Tinsley
United States Magistrate Judge